## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION

STACY THOMPSON                                                    PLAINTIFF

VERSUS                                          CAUSE NO. 2:23-cv-00027-KS-MTP

PIERCE AUTOMOTIVE, INC. dba
TOYOTA OF HATTIESBURG,
JAKE BOLTON, ALTON PIERCE,
AND JOHN DOE PERSON(S) 1-5                               DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW the Plaintiff, Stacy Thompson, and files this Complaint against Pierce Automotive, Inc. dba Toyota of Hattiesburg, Jake Bolton, and Alton Pierce and will show unto the Court the following:

1. Stacy Thompson is a resident of Forrest County, Mississippi and is happily married.

2. Pierce Automotive, Inc. ("Pierce Auto") is a Mississippi corporation with its principle place of business and headquarters in Hattiesburg, MS, and is doing business as, in part, Toyota of Hattiesburg ("the dealership") as a new and used car dealership at 6461 US-98, Hattiesburg, MS 39402 in Lamar County. Pierce Auto may be served with process through Alton Pierce, at 1620 West Pine Street, Hattiesburg, MS 39401 or at the dealership.

3. Jake Bolton is a general sales manager and supervisor for the dealership and a resident of Lamar County and may be served with process at the dealership.

4. Alton Pierce is the president and co-director/owner of the dealership and Pierce Auto.

5. Stacy Thompson was employed as a salesperson for the dealership until March 14, 2022.

6. Jake Bolton was Stacy Thompson's direct supervisor at the dealership.

7. John Doe Person(s) 1-5 are any unknown persons who may have been responsible for, or who may have contributed to, the negligence alleged herein. They may be added as Defendants when their identities become known.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as it involves questions of federal law and, concurrently, under 28 U.S.C. § 1343 as it involves violations of the Plaintiff's civil rights contemplated thereunder.

9. This Court is the proper venue as the facts giving rise to the causes of action occurred in Hattiesburg, Mississippi, and the Defendants reside in and the corporate Defendant is located within this Court's Judicial District.

## FACTS GIVING RISE TO THE CAUSES OF ACTION

10. Jake Bolton made frequent and unwelcomed crude, harassing and/or propositional comments and took actions towards Stacy Thompson over the course of her employment, including, but not limited to, propositions for sexual favors, sexually explicit comments about her body and person, sexist remarks about her gender, display of explicit and racist pornographic images and video, bigoted and racist remarks about her ethnicity and race, and discussions, jokes and displays with and amongst other employees at the dealership.

11. Jake Bolton used his authority over Stacy Thompson to summon her to his office or make her stay at the dealership or in his office on several occasions just so he could leer at her and make comments and take actions as described above.

12. Jake Bolton controlled, manipulated, and restricted Stacy Thompson's sales leads based on her willingness to capitulate and play along with his behavior.

13. Jake Bolton's behavior created a hostile work environment as it was severe and pervasive, altering the conditions of the Stacy Thompson's employment, constituting an abusive working environment.

14. Jake Bolton's behavior constituted gender discrimination.

15. Jake Bolton's behavior constituted racial discrimination.

16. Jake Bolton's behavior was known to the dealership and to Alton Pierce and had been known as common conduct by Jake Bolton to the dealership and Alton Pierce predating and throughout Stacy Thompson's employment.

17. Jake Bolton's behavior caused Stacy Thompson to lose income while working at the dealership.

18. Stacy Thompson reported her complaints regarding Jake Bolton's behavior to members of the management at the dealership and to its "human resources director", Stacey Harvison.

19. There was neither a human resources training program at the dealership nor formal human resources department during the times that Stacy Thompson worked at the dealership.

20. Stacey Harvison had no formal training in human resources and is actually best described as a bookkeeper.

21. Stacey Harvison informed Stacy Thompson that there was no formal complaint process to report to and that Stacy Thompson would just have to deal with the hostile work environment described above.

22. Members of management at the dealership made a joke of such complaints regarding the behavior of Jake Bolton and others.

23. Members of management, including Alton Pierce, expressed to Stacy Thompson that the type of harassment and hostile work environment she faced was just part of the car business.

24. Members of management, particularly Alton Pierce, represented to Stacy Thompson that she would be retaliated against if she escalated her complaints about Jake Bolton.

25. Stacy Thompson was forced to either remain in the hostile environment created by Jake Bolton without recourse or to resign from her position as a salesperson. Stacy Thompson reluctantly left her job at the dealership due to the conditions of her employment as described herein on March 14, 2022.

26. Members of management at the dealership, including Jake Bolton and Alton Pierce, have made defamatory comments about Stacy Thompson, including, but not limited to, stating that she is insane.

27. Stacy Thompson resigned from her position at the dealership due to the actions and omissions of the Defendants as described herein.

28. Any reasonable person in Stacy Thompson's position would have resigned given the circumstances described herein, and she remained at the dealership as long as she could.

29. Defendant Jake Bolton had a duty to Stacy Thompson as her supervisor to refrain from the behavior described herein and failed to meet that duty.

30. Defendants had a duty to ensure that Stacy Thompson was not subject to a hostile work environment as described in this Complaint and failed to meet that duty.

31. Defendants had a duty to ensure that Stacy Thompson was not subjected to a situation in which she had to go along with and succumb to the behavior of Jake Bolton in exchange

for getting sales leads that others, particularly males, in the dealership got as a matter of course in their employment and failed to meet that duty.

32. Defendants Alton Pierce and the dealership had a duty to ensure that a proper reporting system was in place to address and correct the behavior of Jake Bolton and failed to meet that duty.

33. Defendants had a duty to ensure the proper training of employees to avoid the type of hostile work environment described herein.

34. Alton Pierce had and has the duty and authority to terminate or otherwise discipline Jake Bolton and/or any other employee, create and maintain proper human resources standards, and, *inter alia*, ensure a safe and lawful working environment at the dealership.

35. Alton Pierce has expressed that profit is more important than, *inter alia*, abiding by the law in regards to the causes of action set forth herein.

36. Stacy Thompson has lost income and is entitled to both compensatory and liquidated damages due to the actions of the Defendants.

37. Stacy Thompson has suffered damages in the form of reputational harm and has lost income due to the defamatory statements made by the Defendants.

38. Stacy Thompson has suffered and continues to suffer emotional and psychological harm as a result of the actions of the Defendants.

39. Stacy Thompson has exhausted all available administrative remedies and has attached to this Complaint a "Right to Sue" letter from the United States Employment and Equal Opportunity Office ("EEOC"), which was obtained by the Plaintiff after the Defendants failed to timely respond with a position statement to the EEOC Complaint filed by Stacy Thompson against the Defendants. Exhibit "A".

## CAUSES OF ACTION

40. COUNT ONE. WRONGFUL TERMINATION: CONSTRUCTIVE DISCHARGE DUE TO SEXUAL AND RACIAL HARASSMENT UNDER 42 U.S.C.A § 2000e et. seq., *inter alia*.

41. COUNT TWO. QUID PRO QUO: SEXUAL HARASSMENT UNDER 42 U.S.C.A. § 2000e et. seq., *inter alia*.

42. COUNT THREE. HOSTILE WORK ENVIRONMENT: SEXUAL HARRASSMENT UNDER 42 U.S.C.A § 2000e et. seq., *inter alia*.

43. COUNT FOUR. HOSTILE WORK ENVIRONMENT: RACIAL DISCRIMINATION UNDER 42 U.S.C.A § 2000e et. seq., *inter alia*.

44. COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE COMMON LAW AND IN RELATION TO THE FEDERAL CAUSES ABOVE.

45. COUNT SIX: DEFAMATION UNDER STATE COMMON LAW AND THOSE CAUSES ARISING FROM THE FEDERAL CAUSES ABOVE.

46. COUNT SEVEN: NEGLIGENT SUPERVISION BY ALTON PIERCE AND THE DEALERSHIP UNDER STATE COMMON LAW AND THOSE CAUSES ARISING FROM THE FEDERAL CAUSES ABOVE.

47. COUNT EIGHT: NEGLIGENT RETENTION BY ALTON PIERCE AND THE DEALERSHIP UNDER STATE COMMON LAW AND THOSE CAUSES ARISING FROM THE FEDERAL CAUSES ABOVE.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays to the Court to enter a judgment for damages, including, but not limited to, special, liquidated, compensatory, general,

punitive and exemplary, against the Defendants in an amount within the jurisdictional limits of this Court to be determined by a jury at trial and for any and all relief to which the Plaintiff is further entitled under law and equity, including, but not limited to, attorney's fees and costs and expenses related to this litigation.

Respectfully submitted, February 14, 2023.

**STACY THOMPSON**

By:     */s/Matthew W. Lawrence*
Matthew W. Lawrence MSB#105958
525 N. Main Street
Hattiesburg, MS 39401
(408) 605-8473
mattlawrencelawfirm@gmail.com